## McELHANEY *vs.* FLYNN.

1. An execution in the name of "Henry W. Collier, use of officers of court," is not void, but furnishes a protection to the officer levying it, if issued by a court of competent jurisdiction; the words "use of officers of court" may be rejected as surplusage.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

C. W. RAPIER, for plaintiff in error :

The execution was not, on its face, a nullity. Collier is the nominal plaintiff, nor can it be intended that he was other than an inofficial person.—Chapman v. Spence, 22 Ala. 588. The execution being issued by a competent officer, and purporting on its face to be legal, the constable might justify under it.—3 Por. 257 ; 5 Wend. 170.

GEO. N. STEWART, *contra :*

The execution was void for want of legal parties. The persons for whose use a suit is brought, are the true parties in interest, and are made liable for costs by law. The " officers of court" are not a corporation; no judgment can be rendered for them or against them. No motion to quash the execution could

McElhaney v. Flynn.

have been made, none was necessary; there was no party to serve the notice on.—11 Ala. 741 ; 7 *ib.* 156.

CHILTON, C. J.—This was a proceeding commenced by warrant before a justice of the peace by Flynn against McElhaney, for seizing and detaining a gun. The justice rendered judgment for the plaintiff for twenty dollars, from which defendant appealed to the City Court of Mobile, and the plaintiff there filed his statement, claiming twenty dollars as damages on account of the alleged trespass. The parties mutually agreed to submit the case to a jury ; and the court said to the jury, if the case was thus submitted to them, they would not be limited in their finding to twenty dollars, but might find the actual damage the plaintiff had sustained. The case was accordingly submitted, and the jury found thirty-five dollars for the plaintiff.

The defendant below justified seizing the gun under an execution issued by one Fisher, a justice of the peace for Mobile County, in favor of " Henry W. Collier, use of the officers of court" against Flynn, for the sum of $11 10, which was duly placed in his, the said McElhaney's, hands, to be levied and collected, he being a constable in said county. The City Court held, that the execution, being for the use of the officers of court, was void, and furnished no protection to the officer.

We are of opinion that the court mistook the law in holding that the execution was void. There were parties to it; Collier was the plaintiff, and Flynn the defendant, and although it recites that it was for the use of " officers of court," yet these words may be rejected as suplusage, and the execution, which is amendable, might well stand. We cannot then pronounce that it is void upon its face, and although it may be irregular, yet, being issued by a court of competent jurisdiction, it furnishes a protection to the officer executing it.

As this view will probably be decisive of the case, it is deemed needless to decide the remaining question raised by the instruction to the jury.

Let the judgment be reversed, and the cause remanded.